CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
5/3/2021
JULIA C. DUDLEY, CLERK
BY: LOTTIE LUNSFORD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Abingdon Division)

EPPIE JAMES SAUNDERS,

    Plaintiff,

v.                                                                    Case No. 1:21CV00019

Bland County Nursing and Rehabilitation ("BCNR"),
    Serve: Corporation Service Company
          100 Shockoe Slip Floor 2
          Richmond, VA 23219-4100

## COMPLAINT

COMES NOW Plaintiff, EPPIE SAUNDERS ("Saunders" or "plaintiff"), and for his Complaint states as follows:

1. This action arises under federal law, particularly Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 USC Section 2000e, *et seq.*, jurisdiction being conferred therein.

2. Plaintiff is a resident and domiciliary of Princeton, West Virginia. The defendant's place of business in which plaintiff worked was in Bland County, VA, although defendant has facilities in other locations.

3. The unlawful employment practices and all acts alleged herein were committed at one or more of defendant's facilities in Bland County, VA.

4. Defendant has more than 15 employees.

5. Plaintiff filed his charge with the EEOC on or about December 15, 2020, and received his

right-to-sue letter on or about February 10, 2021. *(Exhibit A)*.

6. Plaintiff, African-American male, was hired by defendant after a phone interview on October 19, 2020, as the Director of Social Services and Admissions. Defendant had never seen him and plaintiff's voice is indistinguishable from that of a Caucasian voice on the telephone.

7. Plaintiff's wife is a Caucasian. She was interviewed through a Zoom interview by BCNR and was offered a position as Director of Nursing prior to plaintiff's offer of employment.

8. After plaintiff began working, he asked his supervisor how he was doing and was advised he was "doing great." However, only a few days later he received a letter from Mary Sullivan, Corporate HR Manager, that he "was not a good fit," and he was terminated allegedly for that reason. *(Exhibit B)*.

9. Plaintiff never saw any other African-Americans at BCNR and it appeared there were no other African-American employees at that location. The only thing that changed in the few days between the time plaintiff was advised he was "doing great" and the time Corporate decided he "was not a good fit" is that upper management realized he is African-American.

10. Title VII prohibits an employer with 15 or more employees from discriminating against an individual on the basis of his/her race.

11. Despite defendant advising plaintiff he was "doing great," he was terminated just days later because upper management (above plaintiff's supervisor at the local level) became aware of his race.

12. The above actions constitute violations of Title VII and entitle plaintiff to damages.

13. Plaintiff has suffered severe economic loss and emotional distress as the direct and proximate result of defendant's illegal conduct.

14. Defendant's discrimination against plaintiff was intentional, willful and wanton, and with full knowledge that its acts were in direct violation of the applicable laws against said discrimination.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

a. Compensatory damages of Three Hundred Thousand Dollars ($300,000.00) for violation of Title VII;

b. Punitive damages in the amount of Three Hundred Thousand Dollars ($300,000.00) for violation of Title VII;

c. Plaintiff's attorney's fees and costs; and

d. Such other and different relief as may be deemed appropriate under the circumstances of this case, including, but not limited to, reinstatement.

EPPIE JAMES SAUNDERS


By _____ S/ Hilary K. Johnson

Hilary K. Johnson, P.C.
316 Valley Street NW
Abingdon, Virginia 24210
(276) 619-3740
fax - (276) 619-3742
hilary.jhnsn@gmail.com
VSB No. 20345

**A JURY TRIAL IS DEMANDED IN THIS MATTER**

3